**DUANE MORRIS** LLP
By:    Anthony J. Costantini
        E-mail:ajcostantini@duanemorris.com
        Keith D. Greenberg
        E-mail:kdgreenberg@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff
VR Global Partners, LP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VR Global Partners, LP,

        Plaintiff,

      v.

The Republic of Argentina,

        Defendant.

CIVIL ACTION NO.

**11 CIV 8817**

## COMPLAINT

Plaintiff, VR Global Partners, LP ("VR"), by its undersigned counsel, as and for its Complaint against Defendant Republic of Argentina (the "Republic"), alleges as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds issued by the Republic and held by VR.

2. VR acquired a certain bond, ISIN No. XS0086333472, issued by the Republic pursuant to a Fiscal Agency Agreement, dated October 19, 1994 ("1994 Fiscal Agency Agreement"), in the principal amount of € 1,674,000.00. A copy of the 1994 Fiscal Agency Agreement is annexed hereto as Exhibit A.

3. VR acquired a certain bond, ISIN No. US040114AN02, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $928,000.00.

4. VR acquired a certain bond, ISIN No. US040114AR16, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $330,000.00.

5. VR acquired a certain bond, ISIN No. US040114AV28, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $40,000.00.

6. VR acquired a certain bond, ISIN No. US040114BE93, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $593,000.00.

7. VR acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $4,010,000.00.

8. VR acquired a certain bond, ISIN No. US040114GG96, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $725,000.00.

9. VR acquired a certain bond, ISIN No. US040114GH79, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $1,719,858.00.

10. VR acquired a certain bond, ISIN No. DE0001954907, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of 2,922,000.00 Deutschmarks.

11. VR acquired a certain bond, ISIN No. DE0001325017, issued by the Republic pursuant to a subscription agreement, dated June 13, 1996 ("June 1996 Subscription Agreement"), in the principal amount of 167,000.00 Deutschmarks. A copy of the June 1996 Subscription Agreement is attached hereto as Exhibit B.

12. VR acquired a certain bond, ISIN No. DE0002483203, issued by the Republic pursuant to an offering circular, dated July 14, 1998 (the "July 14, 1998 Offering Circular"), in the principal amount of € 611,533.03. A copy of the July 14, 1998 Offering Circular is attached hereto as Exhibit C.

13. VR acquired a certain bond, ISIN No. DE0002923851, issued by the Republic pursuant to an offering circular, dated February 26, 1999 (the "February 26, 1999 Offering Circular"), in the principal amount of € 696,000.00. A copy of the February 26, 1999 Offering Circular is attached hereto as Exhibit D.

14. VR acquired a certain bond, ISIN No. DE0002966900, issued by the Republic pursuant to an offering circular, dated April 21, 1999 (the "April 21, 1999 Offering Circular"), in the principal amount of € 100,000.00. A copy of the April 21, 1999 Offering Circular is attached hereto as Exhibit E.

15. VR acquired a certain bond, ISIN No. DE0002998952, issued by the Republic pursuant to an offering circular, dated April 26, 1999 (the "April 26, 1999 Offering Circular"), in the principal amount of € 619,000.00. A copy of the April 26, 1999 Offering Circular is attached hereto as Exhibit F.

16. VR acquired a certain bond, ISIN No. DE0003045357, issued by the Republic pursuant to an offering circular, dated June 4, 1999 (the "June 4, 1999 Offering Circular"), in the principal amount of € 978,000.00. A copy of the June 4, 1999 Offering Circular is attached hereto as Exhibit G.

17. VR acquired a certain bond, ISIN No. DE0004509005, issued by the Republic pursuant to an offering circular, dated January 26, 2000 as amended February 29, 2000 (the "January 26, 2000 Offering Circular"), in the principal amount of € 2,049,000.00. A copy of the January 26, 2000 Offering Circular is attached hereto as Exhibit H.

18. VR acquired a certain bond, ISIN No. DE0001348100, issued by the Republic pursuant to a prospectus, dated November 13, 1996 (the "November 13, 1996 Prospectus"), in the principal amount of 510,000.00 Deutschmarks. A copy of the November 13, 1996 Prospectus is attached hereto as Exhibit I. The relevant sections of the November 13, 1996 Prospectus have been translated into English and are attached hereto as Exhibit J.

19. VR acquired a certain bond, ISIN No. DE0001319507, issued by the Republic pursuant to an prospectus, dated April 10, 1996 (the "April 10, 1996 Prospectus"), in the principal amount of 110,000.00 Deutschmarks. A copy of the April 10, 1996 Prospectus is attached hereto as Exhibit K. The relevant sections of the April 10, 1996 Prospectus have been translated into English and are attached hereto as Exhibit L.

20. VR acquired a certain bond, ISIN No. DE0005450258, issued by the Republic pursuant to an offering circular, dated September 7, 2000 as amended October 19, 2000 (the "September 7, 2000 Offering Circular"), in the principal amount of € 393,000.00. A copy of the September 7, 2000 Offering Circular is attached hereto as Exhibit M.

21. VR acquired a certain bond, ISIN No. DE0001767101, issued by the Republic pursuant to a subscription agreement, dated November 17, 1998 ("November 1998 Subscription Agreement"), in the principal amount of 1,498,000.00 Deutschmarks. A copy of the November 1998 Subscription Agreement is attached hereto as Exhibit N.

22. A record of VR's current holdings of Argentine bonds, including those referenced above, is attached hereto as Exhibit O.

### Jurisdiction

23. The Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

24. This Court has jurisdiction pursuant to 28 U.S.C. § 1330. In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York.

25. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391.

## COUNT ONE

26. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-10 and 22-25 as if set forth here at length.

27. As set forth above, VR acquired certain bonds issued by the Republic pursuant to the 1994 Fiscal Agency Agreement (the "1994 Bonds") and continues to own those bonds.

28. Pursuant to Section 22 of the 1994 Fiscal Agency Agreement, The Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

29. Pursuant to Section 12 of the 1994 Fiscal Agency Agreement, the following, *inter alia*, are defined as "Events of Default:"

    > (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
    >
    > ....
    >
    > (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic...

30. Section 12 of the 1994 Fiscal Agency Agreement further provides that following either of the foregoing Events of Default, a note holder, *i.e.*, plaintiff VR, may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

31. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1994 Bonds.

32. By reason of the foregoing, there has been an Event of Default on the 1994 Bonds, and the Republic is in breach of its obligations under the 1994 Fiscal Agency Agreement.

33. In accordance with Section 12 of the 1994 Fiscal Agency Agreement, by letter dated December 2, 2011, plaintiff VR provided the Republic's Fiscal Agent, Bankers Trust Company, with written notice that it was declaring the principal and interest on the 1994 Bonds to be due and payable immediately.

34. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the 1994 Bonds held by VR.

35. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO

36. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 11 and 22-25 as if set forth here at length.

37. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the June 1996 Subscription Agreement (the "1996 Bond") and continues to own that bond.

38. Pursuant to subsection 5 of Article 14 of the June 1996 Subscription Agreement, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

39. Pursuant to Section 8 of the Conditions of Issue of the June 1996 Subscription Agreement, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

40. Section 8 of the Conditions of Issue of the June 1996 Subscription Agreement further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, CS First Boston, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

41. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1996 Bond.

42. By reason of the foregoing, there has been an Event of Default on the 1996 Bond, and the Republic is in breach of its obligations under the June 1996 Subscription Agreement.

43. In accordance with Section 8 of the Conditions of Issue of the June 1996 Subscription Agreement, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the 1996 Bond to be due and payable immediately.

44. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the 1996 Bond held by VR.

45. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT THREE

46. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 12 and 22-25 as if set forth here at length.

47. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the July 14, 1998 Offering Circular (the "July 14, 1998 Bond") and continues to own that bond.

48. Pursuant to subsection 4 of Section 13 of the Terms and Conditions of the Bonds of the July 14, 1998 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

49. Pursuant to subsection 1 of Section 10 of the Terms and Conditions of the Bonds of the July 14, 1998 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

>   (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
>   ....
>
>   (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

50. Section 10 of the Terms and Conditions of the Bonds of the July 14, 1998 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Deutsche Bank Aktiengesellschaft, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

51. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the July 14, 1998 Bonds and has since failed to pay any interest on the July 14, 1998 Bond when due and payable, and such failure continued for a period of 30 days.

52. By reason of the foregoing, there has been an Event of Default on the July 14, 1998 Bond, and the Republic is in breach of its obligations under the July 14, 1998 Offering Circular.

53. In accordance with Section 10 of the Terms and Conditions of the Bonds of the July 14, 1998 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the July 14, 1998 Bond to be due and payable immediately.

54. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the July 14, 1998 Bond held by VR.

55. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT FOUR

56. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 13 and 22-25 as if set forth here at length.

57. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the February 26, 1999 Offering Circular (the "February 26, 1999 Bond") and continues to own that bond.

58. Pursuant to subsection 4 of Section 12 of the Terms and Conditions of the Bonds of the February 26, 1999 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

59. Pursuant to subsection 1 of Section 9 of the Terms and Conditions of the Bonds of the February 26, 1999 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

60. Section 9 of the Terms and Conditions of the Bonds of the February 26, 1999 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Paying Agent, The Chase Manhattan Bank, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Paying Agent."

61. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the February 26, 1999 Bond and has since failed to pay any interest on the February 26, 1999 Bond when due and payable, and such failure continued for a period of 30 days.

62. By reason of the foregoing, there has been an Event of Default on the February 26, 1999 Bond, and the Republic is in breach of its obligations under the February 26, 1999 Offering Circular.

63. In accordance with Section 9 of the Terms and Conditions of the Bonds of the February 26, 1999 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Paying Agent with written notice that it was declaring the principal and interest on the February 26, 1999 Bond to be due and payable immediately.

64. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the February 26, 1999 Bond held by VR.

65. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT FIVE

66. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 14 and 22-25 as if set forth here at length.

67. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the April 21, 1999 Offering Circular (the "April 21, 1999 Bond") and continues to own that bond.

68. Pursuant to subsection 4 of Section 12 of the Terms and Conditions of the Bonds of the April 21, 1999 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

69. Pursuant to subsection 1 of Section 9 of the Terms and Conditions of the Bonds of the April 21, 1999 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any

>   of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
>   ....
>
>   (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

70. Section 9 of the Terms and Conditions of the Bonds of the April 21, 1999 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Paying Agent, The Chase Manhattan Bank, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Paying Agent."

71. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the April 21, 1999 Bond and has since failed to pay any interest on the April 21, 1999 Bond when due and payable, and such failure continued for a period of 30 days.

72. By reason of the foregoing, there has been an Event of Default on the April 21, 1999 Bond, and the Republic is in breach of its obligations under the April 21, 1999 Offering Circular.

73. In accordance with Section 9 of the Terms and Conditions of the Bonds of the April 21, 1999 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Paying Agent with written notice that it was declaring the principal and interest on the April 21, 1999 Bond to be due and payable immediately.

74. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the April 21, 1999 Bond held by VR.

75. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT SIX

76. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 15 and 22-25 as if set forth here at length.

77. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the April 26, 1999 Offering Circular (the "April 26, 1999 Bond") and continues to own that bond.

78. Pursuant to subsection 3 of Section 11 of the Terms and Conditions of the Bonds of the April 26, 1999 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

79. Pursuant to subsection 1 of Section 8 of the Terms and Conditions of the Bonds of the April 26, 1999 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

80. Section 8 of the Terms and Conditions of the Bonds of the April 26, 1999 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Deutsche Bank Aktiengesellschaft, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

81. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the April 26, 1999 Bond and has since failed to pay any interest on the April 26, 1999 Bond when due and payable, and such failure continued for a period of 30 days.

82. By reason of the foregoing, there has been an Event of Default on the April 26, 1999 Bond, and the Republic is in breach of its obligations under the April 26, 1999 Offering Circular.

83. In accordance with Section 8 of the Terms and Conditions of the Bonds of the April 26, 1999 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the April 26, 1999 Bond to be due and payable immediately.

84. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the April 26, 1999 Bond held by VR.

85. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

**COUNT SEVEN**

86. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 16 and 22-25 as if set forth here at length.

87. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the June 4, 1999 Offering Circular (the "June 4, 1999 Bond") and continues to own that bond.

88. Pursuant to subsection 3 of Section 11 of the Terms and Conditions of the Bonds of the June 4, 1999 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

89. Pursuant to subsection 1 of Section 8 of the Terms and Conditions of the Bonds of the June 4, 1999 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

90. Section 8 of the Terms and Conditions of the Bonds of the June 4, 1999 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Deutsche Bank Aktiengesellschaft, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

91. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the June 4, 1999 Bond and has since failed to pay any interest on the June 4, 1999 Bond when due and payable, and such failure continued for a period of 30 days.

92. By reason of the foregoing, there has been an Event of Default on the June 4, 1999 Bond, and the Republic is in breach of its obligations under the June 4, 1999 Offering Circular.

93. In accordance with Section 8 of the Terms and Conditions of the Bonds of the June 4, 1999 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the June 4, 1999 Bond to be due and payable immediately.

94. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the June 4, 1999 Bond held by VR.

95. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT EIGHT

96. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 17 and 22-25 as if set forth here at length.

97. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the January 26, 2000 Offering Circular (the "January 26, 2000 Bond") and continues to own that bond.

98. Pursuant to subsection 3 of Section 11 of the Terms and Conditions of the Bonds of the January 26, 2000 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

99. Pursuant to subsection 1 of Section 8 of the Terms and Conditions of the Bonds of the January 26, 2000 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

100. Section 8 of the Terms and Conditions of the Bonds of the January 26, 2000 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Deutsche Bank Aktiengesellschaft, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

101. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the January 26, 2000 Bond and has since failed to pay any interest on the January 26, 2000 Bond when due and payable, and such failure continued for a period of 30 days.

102. By reason of the foregoing, there has been an Event of Default on the January 26, 2000 Bond, and the Republic is in breach of its obligations under the January 26, 2000 Offering Circular.

103. In accordance with Section 8 of the Terms and Conditions of the Bonds of the January 26, 2000 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the January 26, 2000 Bond to be due and payable immediately.

104. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the January 26, 2000 Bond held by VR.

105. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT NINE

106. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 18 and 22-25 as if set forth here at length.

107. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the November 13, 1996 Prospectus (the "November 13, 1996 Bond") and continues to own that bond.

108. Pursuant to subsection 4 of Section 12 of the Terms and Conditions of the Bonds of the November 13, 1996 Prospectus, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

109. Pursuant to subsection 1 of Section 9 of the Terms and Conditions of the Bonds of the November 13, 1996 Prospectus, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

110. Section 9 of the Terms and Conditions of the Bonds of the November 13, 1996 Prospectus further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Paying Agent, Bank of Luxembourg S.A., written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Paying Agent."

111. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the November 13, 1996 Bond and has since failed to pay any interest on the November 13, 1996 Bond when due and payable, and such failure continued for a period of 30 days.

112. By reason of the foregoing, there has been an Event of Default on the November 13, 1996 Bond, and the Republic is in breach of its obligations under the November 13, 1996 Prospectus.

113. In accordance with Section 9 of the Terms and Conditions of the Bonds of the November 13, 1996 Prospectus, by letter dated December 2, 2011, plaintiff VR provided the Republic's Paying Agent with written notice that it was declaring the principal and interest on the November 13, 1996 Bond to be due and payable immediately.

114. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the November 13, 1996 Bond held by VR.

115. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TEN

116. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 19 and 22-25 as if set forth here at length.

117. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the April 10, 1996 Prospectus (the "April 10, 1996 Bond") and continues to own that bond.

118. Pursuant to subsection 4 of Section 12 of the Terms and Conditions of the Bonds of the April 10, 1996 Prospectus, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

119. Pursuant to subsection 1 of Section 9 of the Terms and Conditions of the Bonds of the April 10, 1996 Prospectus, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

....

> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

120. Section 9 of the Terms and Conditions of the Bonds of the April 10, 1996 Prospectus further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Paying Agent, Bank of Luxembourg S.A., written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Paying Agent."

121. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the April 10, 1996 Bond and has since failed to pay any interest on the April 10, 1996 Bond when due and payable, and such failure continued for a period of 30 days.

122. By reason of the foregoing, there has been an Event of Default on the April 10, 1996 Bond, and the Republic is in breach of its obligations under the April 10, 1996 Prospectus.

123. In accordance with Section 9 of the Terms and Conditions of the Bonds of the April 10, 1996 Prospectus, by letter dated December 2, 2011, plaintiff VR provided the Republic's Paying Agent with written notice that it was declaring the principal and interest on the April 10, 1996 Bond to be due and payable immediately.

124. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the April 10, 1996 Bond held by VR.

125. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT ELEVEN

126. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 20 and 22-25 as if set forth here at length.

127. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the September 7, 2000 Offering Circular (the "September 7, 2000 Bond") and continues to own that bond.

128. Pursuant to subsection 3 of Section 11 of the Terms and Conditions of the Bonds of the September 7, 2000 Offering Circular, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

129. Pursuant to subsection 1 of Section 8 of the Terms and Conditions of the Bonds of the September 7, 2000 Offering Circular, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ....
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina...

130. Section 8 of the Terms and Conditions of the Bonds of the September 7, 2000 Offering Circular further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Deutsche Bank Aktiengesellschaft, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

131. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the September 7, 2000 Bond and has since failed to pay any interest on the September 7, 2000 Bond when due and payable, and such failure continued for a period of 30 days.

132. By reason of the foregoing, there has been an Event of Default on the September 7, 2000 Bond, and the Republic is in breach of its obligations under the September 7, 2000 Offering Circular.

133. In accordance with Section 8 of the Terms and Conditions of the Bonds of the September 7, 2000 Offering Circular, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the September 7, 2000 Bond to be due and payable immediately.

134. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on the September 7, 2000 Bond held by VR.

135. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

### COUNT TWELVE

136. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1, 21 and 22-25 as if set forth here at length.

137. As set forth above, VR acquired a certain bond issued by the Republic pursuant to the November 1998 Subscription Agreement (the "November 1998 Bond") and continues to own that bond.

138. Pursuant to subsection 3 of Section 13 of the Terms and Conditions of the November 1998 Bond, the Republic agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

139. Pursuant to subsection 1 of Section 10 of the Terms and Conditions of the November 1998 Bond, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> ….
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina…

140. Section 10 of the Terms and Conditions of the November 1998 Bond further provides that following either of the foregoing Events of Default, the holder of any Bond, *i.e.*, plaintiff VR, may give the Republic's Principal Paying Agent, Morgan Stanley Bank AG, written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

141. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the November 1998 Bond and has since failed to pay any interest on the November 1998 Bond when due and payable, and such failure continued for a period of 30 days.

142. By reason of the foregoing, there has been an Event of Default on the November 1998 Bond, and the Republic is in breach of its obligations under the November 1998 Subscription Agreement.

143. In accordance with Section 8 of the Terms and Conditions of the November 1998 Bond, by letter dated December 2, 2011, plaintiff VR provided the Republic's Principal Paying Agent with written notice that it was declaring the principal and interest on the November 1998 Bond to be due and payable immediately.

144. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest on November 1998 Bond held by VR.

145. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff VR and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, Plaintiff VR demands judgment as follows:

(i) On Count One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(ii) On Count Two, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(iii) On Count Three, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(iv) On Count Four, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(v) On Count Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(vi) On Count Six, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(vii) On Count Seven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(viii) On Count Eight, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(ix) On Count Nine, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(x) On Count Ten, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(xi) On Count Eleven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(xii) On Count Twelve, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

(xiii)  Awarding plaintiff its costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Duane Morris LLP

By: _____
Anthony J. Costantini (AC6633)
E-mail:    ajcostantini@duanemorris.com
Keith D. Greenberg (KG6385)
E-mail:    kdgreenberg@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

Attorneys for Plaintiff
VR Global Partners, LP

Dated: December 2, 2011