UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
VR GLOBAL PARTNERS, LP,                              :
                                                     :
                      Plaintiff,                :
                                                     :   11 Civ. 8817 (TPG)
        v.                                           :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                     Defendant.                 :
-------------------------------------------------------------------X


**MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO PLAINTIFF'S "ME TOO" MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant the Republic of Argentina (the "Republic") submits this memorandum of law in opposition to plaintiff's motion for partial summary judgment, dated September 14, 2015, seeking relief in connection with the *pari passu* clause relating to their purported holding of $8,800,836.75 and €1,759,000.00 in principal of outstanding Republic debt.

The existing *pari passu* injunctions have had their intended effect of blocking contractually owed interest payments to the holders of some $28 billion in outstanding principal amount of restructured Republic indebtedness.  Notwithstanding this fact, the Court granted motions for partial summary judgment in 36 additional actions, covering more than 500 additional plaintiffs, who held judgments or claimed to hold bonds worth over $5.4 billion. Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. June 5, 2015) ("June 5 Order").  In the wake of the Court's June 5 Order, other plaintiffs claiming to hold Republic debt likewise have moved for partial summary judgment as to more than $100 million in purported principal.  *See, e.g.*, Mem. of Law in Supp. of Mot. for Partial Summ. J., *Yellow Crane Holdings, LLC v. Republic of Argentina*, No. 14 Civ. 5675 (TPG) (S.D.N.Y. June

16, 2015); Mem. of Law in Supp. of Mot. for Partial Summ. J., *MCHA Holdings, LLC v. Republic of Argentina*, No. 15 Civ. 2577 (TPG) (S.D.N.Y. July 22, 2015).

In addition, and in response to the Court's June 5 Order, NML Capital, Ltd. recently has moved for injunctive relief, *see* Mem. of Law in Supp. of the Mot. by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. Aug. 14, 2015), with the remaining "me too" plaintiffs joining in and demanding identical relief.  If granted, and when added to the $1.76 billion already covered by the existing *pari passu* injunctions, the Court's orders would require the Republic to pay *approximately $8 billion* to holdout creditors any time it makes a payment of principal or interest to holders of Exchange Bonds.

Plaintiff here asks that its claims for $8,800,836.75 and €1,759,000.00 in principal be added to this mountain.  So as not to burden the Court with repetitive briefing, and to preserve all arguments for any future appellate review, the Republic incorporates the arguments set forth in its Memorandum of Law in Opposition to Motions for 526 Plaintiffs in 37 Actions Seeking Partial Summary Judgment, attached as Exhibit A to the Declaration of Elizabeth C. Block ("Block Decl.").  For the reasons set forth there, and incorporated here, the Republic continues to oppose the entry of partial summary judgment.

Moreover, and as a threshold evidentiary matter, plaintiff's motion should be rejected because it fails to present sufficient evidence that plaintiff currently owns the 1994 FAA bonds that it purports to hold.  Plaintiff has submitted no evidence of current bond ownership; unsupported statements in a lawyer's declaration that plaintiff owns the bonds, *see* Decl. of Anthony J. Constantini ¶ 4, *V.R. Global Partners, LP v. Republic of Argentina*, No. 11 Civ. 8817 (TPG) (S.D.N.Y. Sept. 14, 2015), ECF No. 21, are plainly insufficient to establish ownership

under the Rules of Evidence and the procedures established by this Court.  *See* Hanly Decl. Ex. T, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. Mar. 17, 2015) (Memorandum of Hon. Judge Thomas P. Griesa to Counsel (S.D.N.Y. Feb. 22, 2007)) (plaintiffs must submit evidence sufficient to prove their ownership of beneficial interests in Republic debt)); *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120 (TPG), 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005) (requiring as proof of ownership in these cases "a properly executed declaration *and* an account statement") (emphasis added).  Although plaintiff previously submitted documentation attached as an exhibit to its Third Amended Complaint, *V.R. Global Partners, LP v. Republic of Argentina*, No. 11 Civ. 8817 (TPG) (S.D.N.Y. Sept. 4, 2012), ECF No. 18, Ex. P, indicating that as of July 11, 2012 it owned beneficial interests in certain FAA bonds, plaintiff has failed to submit a current ordinary course bank statement supporting its assertions that it *continues* to own these bonds.  *Colella v. Republic of Argentina*, No. 04 Civ. 2710 (TPG), 2006 WL 399449, at *2 (S.D.N.Y. Feb. 21, 2006) (denying summary judgment where purported proof of ownership was dated five months before motion was filed).  Plaintiff's motion should therefore be denied on this basis alone.

Finally, summary judgment is not warranted based on plaintiff's misreading of the *pari passu* clause.  And as the Republic warned in its prior briefing:

> Not only would these injunctions be impossible to comply with, but the flood of "me toos" demonstrates that if the Court grants the motions, the numbers at issue will only increase still further (there are $10 billion in judgments and claims in this Court alone), making compliance even more unattainable.  No country the size of Argentina could afford to pay that amount without subjecting its economy and citizens to an unacceptable degree of catastrophic risk.

Block Decl. Ex. A at 3.  Plaintiff's motion here only further support the Republic's forewarning.

For these reasons, and for the other reasons set forth in Exhibit A and incorporated here, plaintiff's motion for partial summary judgment should be denied.

Dated: New York, New York
October 1, 2015

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine Boccuzzi
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000
Attorneys for the Republic of Argentina

Of Counsel:

Elizabeth C. Block
Elizabeth M. Hanly
Natasha N. Bronn