UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2016

```
------------------------------------------------ x
NML CAPITAL, LTD.,                               :
                                                 :
                            Plaintiff,           :
                                                 :
              v.                                 :       14-cv-8601 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                            Defendant.           :
                                                 :
------------------------------------------------ x
NML CAPITAL, LTD.,                               :
                                                 :
                            Plaintiff,           :
                                                 :
              v.                                 :
                                                 :       14-cv-8988 (TPG)
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                            Defendant.           :
                                                 :
------------------------------------------------ x
FFI FUND, LTD. and FYI LTD.,                     :
                                                 :
                            Plaintiffs,          :
                                                 :
              v.                                 :       14-cv-8630 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :       (captions continue on following
                            Defendant.           :       pages)
                                                 :
------------------------------------------------ x
```

## RULE 62.1 INDICATIVE RULING

```
------------------------------------------------  x
                                                  :
PEREZ, et al.,                                    :
                                                  :
                          Plaintiffs,             :
                                                  :
             v.                                   :
                                                  :    14-cv-8242 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
                                                  :
------------------------------------------------  x
                                                  :
AURELIUS CAPITAL PARTNERS, LP, et al.,            :
                                                  :
                          Plaintiffs,             :
                                                  :
             v.                                   :
                                                  :    14-cv-8946 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
                                                  :
------------------------------------------------  x
                                                  :
BLUE ANGEL CAPITAL I LLC,                         :
                                                  :
                          Plaintiff,              :
                                                  :
             v.                                   :
                                                  :    14-cv-8947 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
                                                  :
------------------------------------------------  x
                                                  :
EM LTD.,                                          :
                                                  :
                          Plaintiff,              :
                                                  :
             v.                                   :
                                                  :    14-cv-8303 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
                                                  :
------------------------------------------------  x
```

```
--------------------------------------------------  x
LIGHTWATER CORP. LTD.,                              :
                                                    :
                         Plaintiff,                 :
                                                    :
              v.                                    :
                                                    :   14-cv-4092 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                         Defendant.                 :
--------------------------------------------------  :
                                                    x
OLD CASTLE HOLDINGS, LTD.,                          :
                                                    :
                         Plaintiff,                 :
                                                    :
              v.                                    :
                                                    :   14-cv-4091 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                         Defendant.                 :
--------------------------------------------------  :
                                                    x
SETTIN,                                             :
                                                    :
                         Plaintiff,                 :
                                                    :
              v.                                    :
                                                    :   14-cv-8739 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                         Defendant.                 :
--------------------------------------------------  :
                                                    x
CAPITAL VENTURES INTERNATIONAL,                     :
                                                    :
                         Plaintiff,                 :
                                                    :
              v.                                    :
                                                    :   14-cv-7258 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                         Defendant.                 :
--------------------------------------------------  x
```

```
------------------------------------------------ x
ADAMI, et al.,                                    :
                                                  :
                        Plaintiffs,               :
                                                  :
            v.                                     :      14-cv-7739 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                        Defendant.                :
------------------------------------------------ x
                                                  :
CAPITAL MARKETS FINANCIAL SERVICES                :
INC., et al.,                                     :
                                                  :
                        Plaintiffs,               :
                                                  :
            v.                                     :      15-cv-0710 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                        Defendant.                :
------------------------------------------------ x
FOGLIA, et al.,                                   :
                                                  :
                        Plaintiffs,               :
                                                  :
            v.                                     :      14-cv-8243 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                        Defendant.                :
------------------------------------------------ x
PONS, et al.,                                     :
                                                  :
                        Plaintiffs,               :
                                                  :
            v.                                     :      13-cv-8887 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                        Defendant.                :
------------------------------------------------ x
```

```
------------------------------------------------ x
GUIBELALDE, et al.,                              :
                                                 :
                         Plaintiffs,             :
                                                 :
             v.                                  :
                                                 :  11-cv-4908 (TPG)
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                         Defendant.              :
------------------------------------------------ :
                                                 x
DORRA, et al.,                                   :
                                                 :
                         Plaintiffs,             :
                                                 :
             v.                                  :
                                                 :  14-cv-10141 (TPG)
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                         Defendant.              :
                                                 :
------------------------------------------------ x
BELOQUI, et al.,                                 :
                                                 :
                         Plaintiffs,             :
                                                 :
             v.                                  :
                                                 :  14-cv-5963 (TPG)
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                         Defendant.              :
------------------------------------------------ x
TORTUS CAPITAL MASTER FUND, LP,                  :
                                                 :
                         Plaintiff,              :
                                                 :
             v.                                  :
                                                 :  14-cv-1109 (TPG)
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                         Defendant.              :
------------------------------------------------ x
```

```
---------------------------------------------   x
TORTUS CAPITAL MASTER FUND, LP,               :
                                              :
                        Plaintiff,            :
                                              :
            v.                                :      14-cv-3127 (TPG)
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                        Defendant.            :
---------------------------------------------   x
                                              :
TRINITY INVESTMENTS LIMITED,                  :
                                              :
                        Plaintiff,            :
                                              :
            v.                                :
                                              :      14-cv-10016 (TPG)
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                        Defendant.            :
                                              :
---------------------------------------------   x
MONTREUX PARTNERS, L.P.,                      :
                                              :
                        Plaintiff,            :
                                              :
            v.                                :
                                              :      14-cv-7171 (TPG)
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                        Defendant.            :
                                              :
---------------------------------------------   x
LOS ANGELES CAPITAL,                          :
                                              :
                        Plaintiff,            :
                                              :
            v.                                :
                                              :      14-cv-7169 (TPG)
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                        Defendant.            :
                                              :
---------------------------------------------   x
```

```
------------------------------------------------- x
CORDOBA CAPITAL,                                   :
                                                   :
                            Plaintiff,             :
                                                   :
                   v.                              :          14-cv-7164 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
------------------------------------------------- x
                                                   :
WILTON CAPITAL, LTD.,                              :
                                                   :
                            Plaintiff,             :
                                                   :
                   v.                              :          14-cv-7166 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
------------------------------------------------- x
MCHA HOLDINGS, LLC,                                :
                                                   :
                            Plaintiff,             :
                                                   :
                   v.                              :          14-cv-7637 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
------------------------------------------------- x
MCHA HOLDINGS, LLC,                                :
                                                   :
                            Plaintiff,             :
                                                   :
                   v.                              :          14-cv-10064 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
------------------------------------------------- x
```

```
-------------------------------------------------- x
ANDRAREX LTD.,                                      :
                                                    :
                        Plaintiff,                  :
                                                    :
             v.                                     :
                                                    :    14-cv-9093 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-------------------------------------------------- x
                                                    :
CLARIDAE, et al.,                                   :
                                                    :
                        Plaintiffs,                 :
                                                    :
             v.                                     :
                                                    :    14-cv-10201 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
                                                    :
-------------------------------------------------- x
ARAG-A LIMITED, et al.,                             :
                                                    :
                        Plaintiffs,                 :
                                                    :
             v.                                     :
                                                    :    14-cv-9855 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-------------------------------------------------- x
ATTESTOR MASTER VALUE FUND LP,                      :
                                                    :
                        Plaintiff,                  :
                                                    :
             v.                                     :
                                                    :    14-cv-5849 (TPG)
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-------------------------------------------------- x
```

```
-------------------------------------------------- x
ANGULO, et al.,                                    :
                                                   :
                            Plaintiffs,            :
                                                   :
                      v.                            :      15-cv-1470 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
-------------------------------------------------- x
                                                   :
LAMBERTINI, et al.,                                :
                                                   :
                            Plaintiffs,            :
                                                   :
                      v.                            :      15-cv-1471 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
                                                   :
-------------------------------------------------- x
HONERO FUND I, LLC,                                :
                                                   :
                            Plaintiff,             :
                                                   :
                      v.                            :      15-cv-1553 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
-------------------------------------------------- x
TRINITY INVESTMENTS LIMITED,                       :
                                                   :
                            Plaintiff,             :
                                                   :
                      v.                            :      15-cv-1588 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                            Defendant.             :
-------------------------------------------------- x
```

```
-------------------------------------------------- x
BANCA ARNER S.A., et al.,                          :
                                                   :
                              Plaintiffs,          :
                                                   :
                v.                                 :      15-cv-1508 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
-------------------------------------------------- x
                                                   :
TRINITY INVESTMENTS LIMITED,                       :
                                                   :
                              Plaintiff,           :
                                                   :
                v.                                 :      15-cv-2611 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
-------------------------------------------------- x
TRINITY INVESTMENTS LIMITED,                       :
                                                   :
                              Plaintiff,           :
                                                   :
                v.                                 :      15-cv-5886 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
-------------------------------------------------- x
MCHA HOLDINGS, LLC,                                :
                                                   :
                              Plaintiff,           :
                                                   :
                v.                                 :      15-cv-2577 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
-------------------------------------------------- x
```

```
------------------------------------------------ x
MCHA HOLDINGS, LLC,                              :
                                                 :
                          Plaintiff,             :
                                                 :
              v.                                 :        15-cv-5190 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                          Defendant.             :
------------------------------------------------ x
ERCOLANI, et al.,                                :
                                                 :
                          Plaintiffs,            :
                                                 :
              v.                                 :        15-cv-4654 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                          Defendant.             :
------------------------------------------------ x
FAZZOLARI, et al.,                               :
                                                 :
                          Plaintiffs,            :
                                                 :
              v.                                 :        15-cv-3523 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                          Defendant.             :
------------------------------------------------ x
STONEHILL INSTITUTIONAL PARTNERS,                :
L.P. et al.,                                     :
                                                 :
                          Plaintiffs,            :
                                                 :
              v.                                 :        15-cv-4284 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                          Defendant.             :
------------------------------------------------ x
```

```
-------------------------------------------------- x
WHITE HAWTHORNE, LLC,                              :
                                                   :
                              Plaintiff,           :
                                                   :
              v.                                   :
                                                   :   15-cv-4767 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
                                                   :
-------------------------------------------------- x
                                                   :
VR GLOBAL PARTNERS, LP,                            :
                                                   :
                              Plaintiff,           :
                                                   :
              v.                                   :
                                                   :   11-cv-8817 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
                                                   :
-------------------------------------------------- x
                                                   :
HONERO FUND I, LLC,                                :
                                                   :
                              Plaintiff,           :
                                                   :
              v.                                   :
                                                   :   15-cv-6702 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
                                                   :
-------------------------------------------------- x
PROCELLA HOLDINGS, L.P.,                           :
                                                   :
                              Plaintiff,           :
                                                   :
              v.                                   :
                                                   :   15-cv-3932 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
                                                   :
-------------------------------------------------- x
```



```
----------------------------------------------- x
BYBROOK CAPITAL MASTER FUND LP et      :
al.,                                   :
                                       :
                Plaintiffs,            :
                                       :
       v.                              :      15-cv-7367 (TPG)
                                       :
THE REPUBLIC OF ARGENTINA,             :
                                       :
                Defendant.             :
----------------------------------------------- x
BYBROOK CAPITAL MASTER FUND LP et      :
al.,                                   :
                                       :
                Plaintiffs,            :
                                       :
       v.                              :      15-cv-2369 (TPG)
                                       :
THE REPUBLIC OF ARGENTINA,             :
                                       :
                Defendant.             :
----------------------------------------------- x
```

Plaintiffs in these forty-nine actions hold bonds issued by defendant, the Republic of Argentina.  In October 2015, the court issued injunctions in these actions.  Due to a pending appeal, the court does not presently have jurisdiction over the injunctions.

The Republic now moves for a Rule 62.1 Indicative Ruling that this court would vacate the injunctions if the Court of Appeals were to remand for that purpose.  The motion under Rule 62.1 allows the court to state that it would grant a motion to vacate if it had the power to do so.  Some plaintiffs support the Republic's motion to vacate; others do not.  The court must therefore decide whether it would vacate the injunctions on remand.

1

Background

The court has often recounted the history of this prolonged litigation.  A brief summary will suffice.

**1. The Default**

In 1994, the Republic began issuing bonds pursuant to a Fiscal Agency Agreement ("FAA"), which contains the famed *pari passu* clause:

> The Securities will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . .

After the Republic suffered an economic crisis in 2001, it defaulted on its debts, including the FAA bonds.  In an attempt to cure this default, the Republic twice invited bondholders to exchange their FAA bonds for new bonds worth only 25–29% of the FAA bonds' value.  In all, roughly 93% of the Republic's creditors ultimately accepted these exchange offers, and the Republic began making payments to the "exchange bondholders."

To buttress the first exchange offer, the Republic enacted Law 26,017—the "Lock Law"—which prohibited "any type of in-court, out-of-court or private settlement" with FAA bondholders who could have participated in the exchange offer but chose not to.  Then, in 2009, the Republic enacted Law 26,547, which barred the Republic from giving FAA bondholders who had filed lawsuits "more favorable treatment than what [was] offered to those who have not done so."  Finally, in 2013, the Republic passed Law 26,886, which again forbade

bondholders who had filed lawsuits from getting any settlement worth more than the prior exchange offers.

For many years, the Republic never paid anything on the FAA bonds. Plaintiffs who held beneficial interests in those bonds began filing actions against the Republic in this court. Many obtained money judgments for the outstanding principal and interest. The Republic refused to pay, and the plaintiffs tried—usually in vain—to attach Argentine assets to satisfy their money judgments. *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 865 F. Supp. 2d 415, 417 (S.D.N.Y. 2012) (observing that the Republic has "usually prevail[ed] in defeating the plaintiffs' attempts to recover" through attachment).

## 2. The Original Injunctions

In 2010, a group of plaintiffs in thirteen actions began seeking a different kind of relief.[1] They first filed motions for partial summary judgment, asking the court to declare that the Republic had violated the *pari passu* clause by paying the exchange bondholders while refusing to pay the plaintiffs. The court granted the motions. *See* Order, *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Dec. 7, 2011).

The plaintiffs then moved for specific performance, seeking a remedy for the Republic's violation of the *pari passu* clause. Although the *pari passu* clause does not itself require a particular remedy, the court exercised its inherent equitable discretion under Rule 65(d) to craft appropriate relief. It fashioned

---

[1] The index numbers of those thirteen actions are 08-cv-6978; 09-cv-1707; 09-cv-1708; 09-cv-8757; 09-cv-10620; 10-cv-1602; 10-cv-3507; 10-cv-3970; 10-cv-8339; 10-cv-4101; 10-cv-4782; 10-cv-9587; 10-cv-5338.

injunctions to address the Republic's steadfast refusal to pay plaintiffs anything. The result was that whenever the Republic paid on the exchange bonds, it needed to make a "ratable payment" to plaintiffs. *See* Order § 2(a), *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Feb. 23, 2012).

In issuing the injunctions, the court made findings that, at that time, supported such equitable relief. For example, the court explained that plaintiffs had no adequate remedy at law due to the Republic's passage of Law 26,017 (which prohibited settlement with plaintiffs who declined the exchange offers) and Law 26,547 (which prevented plaintiffs from receiving settlements more favorable than the exchange offers). *Id.* § 1(b). Moreover, the court found that both the equities and the public interest supported the injunctions because of the Republic's "repeated failures" to pay plaintiffs and its "unprecedented, systematic scheme" to pay other debts without paying plaintiffs. *Id.* § 1(c) & (d); *see also* Am. & Suppl. Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Oct. 3, 2014) (holding the Republic in contempt after it attempted to evade the injunctions by passing Law 26,984—the "Sovereign Payment Law").

The Court of Appeals affirmed the injunctions, but remanded for clarification as to how the injunctions would operate. *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 255 (2d Cir. 2012). On remand, the court explained the injunctions' payment formula and the effects the injunctions would have on third parties. Order, *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Nov. 21, 2012). The Republic again appealed, and the

Second Circuit again affirmed the injunctions in their entirety. *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 248 (2d Cir. 2013). After the Supreme Court denied *certiorari* in June 2014, *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2819 (2014), the injunctions went into effect.

In an attempt to encourage settlement, the court appointed a Special Master, Daniel A. Pollack, Esq., on June 23, 2014. The Special Master's mandate was "to conduct and preside over settlement negotiations." Order Appointment Special Master, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. June 23, 2014). Despite his untiring efforts to bring about a settlement, the Republic chose to default on the exchange bonds rather than pay anything to plaintiffs.

### 3. The "Me Too" Injunctions

In early 2015, "me too" plaintiffs in thirty-six actions filed motions for partial summary judgment. As their name suggests, these plaintiffs sought the same *pari passu* ruling that the other plaintiffs had obtained in the original thirteen actions. On June 5, 2015, the court granted the motions because of the Republic's "entire and continuing course of conduct" in refusing to pay plaintiffs anything at all. Op. & Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. June 5, 2015). "Me too" plaintiffs in fifteen other actions then filed similar motions for partial summary judgment, which the court granted on October 22, 2015. Op. & Order, *Trinity Invest. Ltd. v. Republic of Argentina*, No. 15-cv-2611 (S.D.N.Y. Oct. 22, 2015).

The result was that "me too" plaintiffs in fifty-one actions obtained judgments that the Republic violated the *pari passu* clause.  Plaintiffs in forty-nine of those actions then filed motions for specific performance, seeking equitable relief akin to the injunctions obtained in the original thirteen actions.[2] The court granted those motions on October 30, 2015.  This meant that plaintiffs in a total of sixty-two actions had obtained injunctions against the Republic.

When the court granted the "me too" injunctions, it again discussed the equities.  The court highlighted "[t]he Republic's reluctance to entertain meaningful settlement discussions before the Special Master."  Op. & Order 10, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. Oct. 30, 2015).  The court also explained that "[t]he Republic has done nothing in recent years to alleviate the court's concerns" and that, if anything, it had "escalated its scheme" of attempting to pay the exchange bondholders without paying plaintiffs.  *Id.* at 8.  An appeal followed, which is currently pending before the Second Circuit.  Notice Civil Appeal, *NML Capital, Ltd. v. Republic of Argentina*, No. 15-3675 (2d Cir. Nov. 10, 2015).

## 4. The 2016 Settlement Negotiations

In November 2015, the Republic's voters elected Mauricio Macri as their president, ending the twelve-year reign of the previous ruling party led by former

---

[2] The index numbers of those forty-nine actions are 14-cv-8988; 14-cv-8601; 14-cv-8630; 14-cv-8303; 14-cv-8946; 14-cv-8947; 14-cv-7739; 11-cv-4908; 13-cv-8887; 14-cv-1109; 14-cv-3127; 14-cv-5963; 14-cv-7169; 14-cv-7171; 14-cv-7164; 14-cv-7166; 14-cv-7258; 14-cv-8242; 14-cv-8243; 14-cv-10141; 15-cv-0710; 15-cv-1470; 15-cv-1471; 14-cv-10016; 14-cv-10064; 14-cv-10201; 14-cv-7637; 15-cv-1588; 15-cv-2577; 15-cv-2611; 15-cv-5190; 15-cv-5886; 14-cv-9093; 14-cv-5849; 14-cv-4092; 14-cv-4091; 14-cv-8739; 15-cv-1508; 15-cv-3523; 15-cv-4654; 11-cv-8817; 14-cv-9855; 15-cv-3932; 15-cv-4284; 15-cv-4767; 15-cv-6702; 15-cv-1553; 15-cv-2369; 15-cv-7367.

President Cristina Kirchner.  President Macri's election marked a turning point in the Republic's attitude and actions.  Since the election, President Macri's government has consistently declared its desire to resolve the disputes and reopen the country to foreign investors.  *See* Stephen Adler & Sujata Rao, *Argentina's Macri Hopes for Creditor Deal Early in 2016*, Reuters (Jan. 23, 2016), *available    at*    http://www.reuters.com/article/us-argentina-president-idUSKCN0V00UP ("I want to be clear: We want to reach a settlement.  We want to find a fair agreement.").

In January 2016, the Argentine government reopened negotiations with the FAA bondholders through the Special Master.  President Macri dispatched a delegation of senior government officials to hold talks with lead plaintiffs in New York.  On January 13 and during the first week of February, discussions began under the aegis of the Special Master.  The Republic presented an informal settlement offer, first to the Special Master, then to those plaintiffs.  During the week of discussions before the Special Master, the Republic reached Agreements in Principle with five of those plaintiffs worth over $1.1 billion.[3]  Other plaintiffs refused to settle, and the Republic then published its Proposal formally to them and to the world on February 5, 2016.  *See* Propuesta, 5 de Febrero de 2016 (Paskin Decl. Ex. J, Dkt. 58, No. 14-cv-8988).

The Republic's Proposal contemplates two settlement categories.  The first, known as the "Standard Offer," is open to *all* FAA bondholders, and provides for

---

[3]  Those plaintiffs are EM Ltd. (No. 14-cv-8303); Montreux Partners, L.P. (No. 14-cv-7171); Los Angeles Capital (No. 14-cv-7169); Cordoba Capital (No. 14-cv-7164); and Wilton Capital, Ltd. (No. 14-cv-7166).

a cash payment equal to the original principal of the bond plus 50% of that principal, classified as interest.  The second, known as the *Pari Passu* Offer," extends only to FAA bondholders who have injunctions.  Those bondholders with injunctions who have money judgments may receive a cash payment equal to the full amount of that judgment, less a 30% discount.  Those without money judgments may receive a cash payment equal to the current accrued value of the claims, less a 30% discount.  The Proposal also offers an "early-bird" incentive: for bondholders who reach agreements with the Republic by February 19, 2016, the 30% discount drops to 27.5%.   Both the Proposal and the existing Agreements in Principle that the Republic has entered into contain two conditions precedent: (1) the approval of the Argentine Congress; and (2) the vacating of this court's injunctions.  The Republic estimates that the settlement payments for the bondholders with injunctions, if made, would total approximately $6.5 billion in cash.  It has not estimated the additional figure that might be involved in the Standard Offer.  Some litigants may qualify under both categories and will have the option to select the category that best suits them.

In his statement issued February 5, 2016, the Special Master called the Republic's Proposal a "historic breakthrough."  He noted that settlement would allow the Republic to return to the global financial markets to raise much-needed capital.   Finally, he praised the Republic's leaders for their "courage and flexibility in stepping up to and dealing with this long-festering problem which was not of their making."

The U.S. government has also signaled its support.  Treasury Secretary Jacob Lew commended the Republic's good-faith efforts to resolve the disputes and expressed his "strong hope" that all bondholders would accept settlements soon.  Readout from a Treasury Spokesperson of Lew's Call with Argentine Finance Minister Alfonso Prat-Gay (Feb. 7, 2016), *available at* https://www.treasury.gov/press-center/press-releases/Pages/jl0339.aspx.

Meanwhile, the Republic intensified its efforts to settle with as many bondholders as possible.  Not only did government officials continue to negotiate with those plaintiffs who initially declined the Proposal, but they also reached out to plaintiffs who did not have injunctions in their actions.  To date, the Republic has successfully executed additional Agreements in Principle with a number of institutional plaintiffs, a group of class-action plaintiffs, and 50,000 Italian bondholders.[4]

To continue the process of effectuating all these settlements, the Republic now moves to vacate the injunctions in all forty-nine of the "me too" actions. Because the Republic appealed the issuance of the injunctions through its prior counsel, the court cannot presently grant the Republic's motion to vacate. Accordingly, the Republic has brought a motion for a Rule 62.1 Indicative Ruling. Rule 62.1 "authorizes a district court whose jurisdiction has been divested by an appeal to 'state either that it would grant the motion if the court of appeals

---

[4] Paskin Decl. Ex. E, Dkt. 68, No. 14-cv-8988 (discussing Capital Markets Financial Services settlement); Nate Raymond, *Argentina Reaches Settlement in U.S. Debt Class Action: Mediator*, Reuters (Feb. 16, 2016), *available at* http://www.reuters.com/article/us-argentina-debt-idUSKCN0VP2QE (discussing class-action settlements); Bausili Decl. ¶ 5, Dkt. 59, No. 14-cv-8988 (discussing Italian settlements).

remands for that purpose or that the motion raises a substantial issue.'" *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) (quoting Fed. R. Civ. P. 62.1(a)(3)). The court must therefore consider the merits of the Republic's motion to vacate in order to decide if it would grant the motion on remand.

<u>Discussion</u>

Courts have the inherent power to vacate their injunctions. *United States v. LoRusso*, 695 F.2d 45, 53 (2d. Cir. 1982); 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2961 (3d ed.) ("Wright & Miller"); *see also* Fed. R. Civ. P. 54(b) (giving courts the power to revise interlocutory orders). Courts may also rely on Federal Rule of Civil Procedure 60(b), which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Courts have "wide discretion" to vacate injunctions. *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 648 (1961); *see also Brown v. Plata*, 131 S. Ct. 1910, 1946 (2011) ("The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." (quoting *N.Y. State Ass'n of Retarded Children, Inc. v. Carey*, 706 F.2d 956, 967 (2d Cir. 1983))); *Milk Wagon Drivers Union v. Meadowmoor Dairies*, 312 U.S. 287, 298 (1941) ("Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted."); *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) ("We are not doubtful of the power of a court of equity to

modify an injunction in adaptation to changed conditions."); *Matarese v. Lefevre*, 801 F.2d 98, 106 (2d Cir. 1986) ("[Rule 60(b)(6)] confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." (citations omitted)).   Accordingly, the standard of review on appeal is whether a court abused of discretion; that is, whether a court's decision to vacate (1) "rests on an error of law or a clearly erroneous factual finding," or (2) "cannot be found within the range of permissible decisions."  *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013) (citation omitted).

This considerable discretion does have some limits.   Generally, a court may vacate only when "there has been such a change in the circumstances as to make modification of the decree equitable."  *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984); *see also Davis v. N.Y.C. Hous. Auth.*, 278 F.3d 64, 88 (2d Cir. 2002) (allowing modification "to accommodate changed circumstances" (citing Fed. R. Civ. P. 60(b)(5))).   The ultimate question, then, is "whether an ongoing exercise of the court's equitable authority is supported by the prior showing of illegality, judged against the claim that changed circumstances have rendered prospective relief inappropriate."  *Salazar v. Buono*, 559 U.S. 700, 718 (2010) (plurality opinion).

A court should also consider "whether the requested modification effectuates or thwarts the purpose behind the injunction." *Sierra Club*, 732 F.2d at 256 (citing *Chrysler Corp. v. United States*, 316 U.S. 556, 562 (1942)).   Put differently, a court usually should not vacate an injunction "in the interest of the defendants if the purposes of the litigation as incorporated in the decree have

not been fully achieved." *Id.* at 256 (citing *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 248 (1968)).   Nonetheless, "total compliance" with an injunction "is not an absolute precondition of any modification," *Badgley v. Santacroce*, 853 F.2d 50, 54 (2d Cir. 1988) (citation omitted), and, where equitable, a court may vacate an injunction "even though the purpose of the decree has not been achieved," *United States v. Eastman Kodak Co.*, 63 F.3d 95, 102 (2d Cir. 1995).

Finally, courts may recognize special circumstances that justify a more nuanced approach to the inherent power to vacate injunctions.  For example, although changes in fact or law often "afford the clearest bases for altering an injunction," a court's equitable power "extend[s] also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1969) (citations omitted).  Moreover, a court may vacate "when a decree proves to be unworkable because of unforeseen obstacles; or when enforcement of the decree without modification would be detrimental to the public interest." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992) (citations omitted); *see also Salazar*, 559 U.S. at 714 ("[A] court should be particularly cautious when contemplating relief that implicates public interests."); Wright & Miller § 2942 ("[B]ecause of its discretionary character, an injunction . . . may be modified if circumstances change after it is issued or in the event that it fails to achieve its objectives."); Timothy Stoltzfus Jost, *From* Swift *to* Stotts *and Beyond: Modification of*

*Injunctions in the Federal Courts*, 64 Tex. L. Rev. 1101, 1138 (1986) (arguing that, if an injunction becomes "a tool of oppression" or "obviously inefficient," "the court ultimately has the power to, and should, modify a decree that imposes a burden disproportionate to the benefit it assures").

Here, the Republic and a number of plaintiffs ask the court to exercise its discretion to vacate the injunctions.  They argue that the injunctions' continued effect is no longer equitable.  The court agrees.  The injunctions, once appropriate to address the Republic's recalcitrance, can no longer be justified.  Significantly changed circumstances have rendered the injunctions inequitable and detrimental to the public interest.

## 1. Changed Circumstances Render the Injunctions Inequitable.

The original injunctive order explicitly gave this court the power to "modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances."  Order § 5, *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Feb. 23, 2012).  Put simply, President Macri's election changed everything.

Most importantly, the Republic has shown a good-faith willingness to negotiate with the holdouts.  Under prior Argentine administrations, plaintiffs had to accept severe haircuts on the value of their bonds, or else engage in a usually fruitless effort to attach property to satisfy their judgments.  The Republic never seriously pursued negotiations toward settlement.  Instead, the Republic's leadership engaged in rhetoric, calling plaintiffs "vultures" or "financial terrorists," while showing open contempt for this court's rulings.  *See*

Robin Wigglesworth & Benedict Mander, *Argentina on the Cusp of Peace with Creditors*, Fin. Times (Feb. 16, 2016), *available at* http://on.ft.com/20B7FBk; *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 247 (2d Cir. 2013) (describing the Republic as "a uniquely recalcitrant debtor").  Despite the best efforts of the Special Master, he could not coax the Republic to negotiate with plaintiffs in good faith in 2014 and 2015.

All that has changed.  President Macri pledged during his campaign that he would seek to resolve these long-running lawsuits—and he has honored that promise.  Not long after President Macri's December 2015 inauguration, the Secretary of Finance approached the Special Master to begin negotiations in earnest.  The Republic's high-level officials met with the Special Master and a group of plaintiffs in January 2016 to establish a framework for substantive talks.  And, through the first week of February, the Special Master convened a series of meetings in New York.  As the Special Master continually informed the court, he communicated intensively with the Republic's officials and the plaintiffs' lead principals on virtually a daily basis.  The Republic's senior officials met with a substantial number of plaintiffs as a group, and also spoke separately with a number of those plaintiffs who sought private dialogue with the Republic.  By the end of the first week of negotiations, the Republic had reached Agreements in Principle with plaintiffs in five actions, involving payments exceeding $1 billion.  At the end of the week, the Republic also issued its public Proposal to settle with all FAA bondholders.

14

Before the court actually vacates the injunctions, another circumstance must change.  As part of the settlement agreements, the Republic must repeal legislative obstacles enacted by prior administrations.  Gone will be the Lock Law—the legislation that led the court to fashion these injunctions in the first place—as well as other antagonistic legislation, such as the Sovereign Payment Law.  *See generally* Order § 1(b) & (c), *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Feb. 23, 2012); *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 241 (2d Cir. 2013).  Not only do the very terms of the Republic's Proposal contemplate repeal, but—in the Republic's own words—the lifting of the injunctions would require it.  *See* Def.'s Mem. L. Supp. Mot. Vacate 3, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Feb. 11, 2016).  These are truly "exceptional circumstances."  *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citation omitted).

The Republic's decisions in 2005 to outlaw "any type of in-court, out-of-court or private settlement" (Law 26,017), and in 2009 to pay plaintiffs no more than 29% of the original bonds' value (Law 26,547), are sharply inconsistent with the decisions taken by President Macri's administration.  *Compare* Hr'g Tr. 29, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Sept. 28, 2011) (conceding that, in 2011, the Republic would offer plaintiffs no more than it offered the exchange bondholders), *with* Propuesta, 5 de Febrero de 2016 (offering all plaintiffs cash payments equal to the original principal amount of the bond plus 50% of that principal).  The Republic's self-imposed conditions—repealing legislative obstacles and paying settlements in full—represent a

"dramatic shift in . . . policy" that justifies vacating the injunctions.  *See Horne v. Flores*, 557 U.S. 433, 461 (2009).

Although the court takes no position on the reasonableness of the Republic's Proposal, the court does recognize the Republic's earnest efforts to negotiate and its striking change in attitude toward settlement since President Macri assumed office.  Just as the Republic's conduct in 2012 and 2015 influenced the court's decision to issue the original and "me too" injunctions, so too must the court consider the Republic's present behavior.  The balance of equities has shifted, for no longer is the Republic exhibiting "reluctance to entertain meaningful settlement discussions before the Special Master."  Op. & Order 10, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. Oct. 30, 2015).

Even the objecting plaintiffs have recognized that the Republic's willingness to negotiate a settlement impacts the balance of equities.  In arguing that the equities weigh in their favor, those plaintiffs previously invoked the Republic's "refus[al] to negotiate a settlement" and claimed that "[t]he biggest obstacle to settlement is Argentina itself."  Pls.' Reply Mem. L. Supp. Mot. Specific Performance 6, 11, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. Oct. 9, 2015).  And those plaintiffs have acknowledged, from the beginning to the end, that the injunctions would promote settlement and that plaintiffs would support that kind of resolution.[5]

---

[5]  *See* Pls.' Mem. L. Supp. Renewed Mot. Specific Enforcement 18, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Jan. 6, 2012) (arguing that the injunctions "could pave the way to a global resolution of this protracted dispute," while noting that a similar injunction

Yet another changed circumstance significantly alters the equities: a number of plaintiffs have now agreed in principle to settle. If the court refused to vacate the injunctions, it would unfairly deny those plaintiffs the opportunity to resolve their disputes amicably with the Republic. It might also create an incentive for the remaining holdout plaintiffs to shun settlement, knowing that they derive leverage from the ability to prevent the Republic and the other plaintiffs from consummating agreements. The injunctions must not be "turned through changing circumstances into an instrument of wrong." *See Swift*, 286 U.S. at 115.

It is also significant that the Republic has not requested the immediate and unconditional lifting of the injunctions. Rather, at the Republic's own urging, the injunctions would remain in effect until it actually makes full payment on all agreements in principle entered into by February 29, 2016, the day before the Argentine Congress reconvenes on March 1. *Cf. Badgley*, 853 F.2d at 51–52 (permitting modification of an equitable order upon fulfillment of certain conditions). The Republic's willingness to impose this condition on itself is compelling evidence of its sincerity and good faith, and stands in stark contrast to the contumacious policies of prior administrations. And the court's retention of jurisdiction should allay any concern that the Republic will return to its old ways.

---

in another case prompted the sovereign "to settle with the plaintiff"); Pls.' Reply Mem. L. Supp. Mot. Specific Performance 12, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. Oct. 9, 2015) ("NML would most welcome meaningful settlement discussions with Argentina before the Special Master.").

In sum, circumstances have changed dramatically since the court first issued the injunctions in February 2012.  The court finds and holds that maintaining the injunctions would now be inequitable.

### 2. Vacating the Injunctions Serves the Public Interest.

Vacating the injunctions would serve the public interest by ceasing the collateral effects they have on third parties.  It would also promote amicable resolution of protracted legal disputes—both generally and in this particular litigation.

The most notable third parties affected by the injunctions are the exchange bondholders.  But there are others, too: the financial intermediaries that the Republic engages to help it pay the exchange bondholders; the FAA bondholders who favor settlement but who are not parties to every single case; and the Argentine people generally.  Each of these groups will benefit if the court vacates the injunctions.

The court has repeatedly voiced its concern about the exchange bondholders' plight.  Hr'g Tr. 11, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 21, 2014) (bemoaning the injunctions' collateral damage to "very innocent third parties"); Hr'g Tr. 15, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 8, 2014) ("[S]ettling this case . . . will assist real human beings.").  When some plaintiffs first sought injunctive relief, they reassured the court that there was "no evidence" that the injunctions would "stop or interfere or impair in any way those exchange offers."  Hr'g Tr. 35, 4–5, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Sept. 28,

18

2011).  Yet that is precisely what has happened.  Of course, the Republic's decision to default on the exchange bonds was its own, and plaintiffs bear no blame for seeking these injunctions four years ago.  But the court may still *now* recognize that it is in the public interest for the Republic to resume paying its restructured debt.  If the court vacates the injunctions, the Republic may once again pay the exchange bondholders—something that has not happened for nearly two years.

Vacating the injunctions in all cases further benefits third parties by allowing any FAA bondholder to resolve claims against the Republic.  For example, plaintiff EM Limited agreed to settle with the Republic for nearly $1 billion after signing a simple, one-page, handwritten Agreement in Principle.[6]  If another plaintiff, armed with an injunction in a different action, could scupper that deal, EM—as a third party to that action—would suffer.  The court never intended this result.  *See* Hr'g Tr. 39, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Sept. 28, 2011) ("I have felt that the Republic of Argentina had a right to make an exchange offer, and that any bondholders who wished to take that exchange offer had a right to take it.  And if they felt that it was beneficial to them, why, that was up to them to make that decision.").  Accordingly, if the court lifts the injunctions, it will do so in all cases.

---

[6] Where there is good will toward each other, the parties have had no difficulty reaching agreements in principle that are uncomplicated and effective.  The court commends the Special Master for helping those parties understand that complexity is not a requisite when agreeing to a monetary settlement of a judgment.

The Court of Appeals has also recognized this court's discretion to consider "the health of the nation" when considering appropriate remedies.  *EM Ltd. v. Republic of Argentina*, 131 F. App'x 745, 747 (2d Cir. 2005) ("Exercising discretion with respect to pre- and post-judgment remedies, the District Court acted well within its authority to vacate the remedies in order to avoid a substantial risk to the successful conclusion of the debt restructuring.  That restructuring is obviously of critical importance to the economic health of a nation.").  Allowing the Republic to reenter the capital markets will undoubtedly help stimulate its economy and thus benefit its people.  It might even encourage other indebted nations to choose compromise over intransigence.

Finally, vacating the injunctions serves the public interest by encouraging settlement to resolve disputes generally—particularly such protracted ones—as well as the concern for finality in this particular litigation.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (recognizing the "strong judicial policy in favor of settlements").  Although such aspirations are broad, the court is mindful that the two interests plaintiffs invoked to support the original injunctions were "enforcing agreements and upholding the rule of law." Pls.' Mem. L. Supp. Renewed Mot. Specific Enforcement 14, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Jan. 6, 2012).  The public has a compelling interest in encouraging amicable resolution of longstanding legal battles and ending this massive litigation that dates back nearly fourteen years. *See* Compl., *Applestein v. Argentina Republic*, No. 02-cv-1773 (S.D.N.Y. Mar. 6, 2002).  Allowing settlement will further these goals.

**3. The Court May Exercise its Discretion to Vacate the Injunctions.**

Some plaintiffs argue that the court does not have the power to vacate the injunctions. They claim that the court must protect the injunctions' purpose of enforcing the *pari passu* clause. Essentially, these plaintiffs believe the court cannot alter the injunctions if doing so would mean the Republic could pay the exchange bondholders without (1) ratably paying plaintiffs or (2) settling with plaintiffs for the full amount of their claims.

It is important to recall that the plaintiffs had no absolute legal right to the injunctions. An injunction is an extraordinary measure that is not normally available for breach of contract. The *pari passu* clause never *required* the equitable relief that the plaintiffs requested and the court granted. Rather, the court exercised its inherent equitable power to fashion a remedy for the Republic's breach of the plaintiffs' contractual rights. *See* Op., *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6979 (S.D.N.Y. Nov. 21, 2012) (explaining that the injunctions do "not literally to carry out the *pari passu* clause"). In short, the injunctions were a discretionary remedy, not a legal entitlement.

When the court was considering how to craft this equitable remedy, it stressed that the injunctions should not prevent bondholders from settling their claims with the Republic. *See* Hr'g Tr. 40, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Sept. 28, 2011) (expressing the court's desire to find a remedy that would provide "leverage" without "do[ing] something that would prejudice the rights and opportunities of the people who want to make exchanges"). For years, the court has repeatedly recognized that the only viable

way to end this litigation is through settlement—surely for less than the full claim, as the notion of "settlement" implies.[7]  To that end, the court appointed a Special Master, who has worked tirelessly and, now, effectively to encourage compromise.

Of course, the court does not have the power to force plaintiffs to accept a settlement.  The court notes, however, that the Republic and the Special Master worked diligently to give plaintiffs the opportunity to negotiate and settle their claims.  And that process may still continue.  Until February 29, 2016, *all* FAA bondholders have the right to accept the terms of the Republic's Proposal, and they are certainly free to make counteroffers.  If they reach agreements by that date, they will receive the protections incorporated by this ruling—namely, the Republic must pay their settlements in full before the injunctions are lifted.

Some plaintiffs may choose to reject the Republic's Proposal.  That is their right.  But that does not diminish the court's discretion to vacate injunctions that would prevent resolution of a meaningful portion of this litigation.  The court

---

[7]  *See* Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 4, 2014) ("It is most important to stay at the settlement table so that the issues in the case can be resolved."); Hr'g Tr. 29, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. Oct. 28, 2015) ("I have to assume that on this late date in this very lengthy litigation . . . that the interested parties, all of them, will participate in settlement negotiations."); Hr'g Tr. 23–24, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (S.D.N.Y. May 29, 2015) ("[T]he way to ultimately resolve this litigation must come through settlement."); Hr'g Tr. 16, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Apr. 22, 2015) ("I hope the Republic at long last will be willing to negotiate."); Hr'g Tr. 10–11, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 21, 2014) ("[T]he thing that is of paramount necessity is to have a settlement."); Hr'g Tr. 8–9, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 8, 2014) ("[T]he really truly important thing is to recognize that this matter will not be resolved without a successful settlement.").  Indeed, even those plaintiffs who now oppose the motion to vacate have previously declared that resolution of these actions would come through settlement.  *See* Hr'g Tr. 7, *NML Capital, Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. Aug. 21, 2014) ("[W]e, too, believe that a settlement is the way that this matter will ultimately be resolved.").

cannot countenance an equitable remedy that would allow some plaintiffs to hold other plaintiffs hostage.  If that were truly the injunctions' effect, it would surely constitute a form of "unforeseen obstacle[]" the court had not previously contemplated.  *See Rufo*, 502 U.S. at 383.

Lastly, the court wishes to note that the Special Master, Daniel Pollack, has devoted himself to a remarkable degree to carrying out his duties, and he has done so with great skill.  His efforts will undoubtedly be of great value in the ultimate resolution of this litigation.  He has the thanks of the court.

<u>Conclusion</u>

For these reasons, the court now indicates that it would vacate the injunctions upon the occurrence of two conditions precedent:

(1) The Republic repeals all legislative obstacles to settlement with the FAA bondholders, including the Lock Law and the Sovereign Payment Law;

(2) For all plaintiffs that enter into agreements in principle with the Republic on or before February 29, 2016, the Republic must make full payment in accordance with the specific terms of each such agreement.  The Republic must also notify the court once those plaintiffs have all received full payment.

If the Court of Appeals remands to allow this court to grant the Republic's motion to vacate, the injunctions will be lifted automatically upon fulfillment of these two conditions.

SO ORDERED

Dated: New York, New York
       February 19, 2016

_____
Thomas P. Griesa
United States District Judge

23